**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOSHUA CORDOVA** | **Case Number** |
| **Plaintiff** | |
| **vs.** | **CIVIL COMPLAINT** |
| **CITIBANK, N.A.** **&** **CAPITAL MANAGEMENT SERVICES, LP** | **JURY TRIAL DEMANDED** |
| **Defendants** | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Joshua Cordova, by and through his undersigned counsel, Brent F. Vullings, Esq., complaining of Defendants, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1.     Plaintiff, Joshua Cordova, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants, Capital Management for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and against both Defendants, Capital Management and Citibank for Breach of Contract.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this district is proper in that Defendant, Capital Management Services, LP maintains a primary location in this District.

## III.  PARTIES

4.      Plaintiff, Joshua Cordova, is an adult natural person residing at 601 E. Palomar #114, Chula Vista, CA 91911.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Citibank, N.A., (hereafter Defendant "Citibank") at all times relevant hereto, is and was a national bank that regularly provides consumer credit related products to citizens nationwide, with a corporate office located at 399 Park Avenue, New York, New York 10022-4614.

6.      Defendant, Capital Management Services, LP, (hereafter Defendant "Capital Management") at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt in the State of California and New York, with a primary place of business located at 698 ½ S. Ogden Street, Buffalo, NY 14206.

7.      Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendant, Capital Management is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  <u>FACTUAL ALLEGATIONS</u>

8.      On or about September 22, 2011, Plaintiff along with assistance from her personal legal counsel entered into a debt settlement arrangement with Defendant, Capital Management, on a debt allegedly owed to Defendant, Citibank.

9.      Plaintiff was said to owe an original balance of $1,696.96.

10.     Plaintiff was given the opportunity to settle the account for $762.38.

11.     Plaintiff was to make eight (8) monthly payments to Defendant, Capital Management, until the account was settled in full.

12.     The first payment of $141.00 was due on or before September 27, 2011 followed by six (6) monthly payments of $91.00.

13.     Plaintiff's eighth and final payment in the amount of $75.28 was due on or before April 4, 2012.

14.     Plaintiff along with assistance for her legal counsel sent all payments as agreed upon.

15.     Defendant, Capital Management, accepted and did not return any payments until December, 2011.

16.     On or about January 10, 2012, Defendant, Capital Management, sent Plaintiff a letter stating that they no longer handled the account and that it had been returned to Defendant, Citibank.

17.     Defendant, Capital Management, does not state why the account was returned.

18.     Plaintiff was instructed to contact Defendant, Citibank, about any future payments.

19.    Defendant, Capital Management's, letter does not reference Plaintiff's existing settlement arrangement.

20.    At about that same time, Plaintiff's legal counsel contacted Defendant, Citibank, to find out why the account was recalled and to see if they would still honor the arrangement that was in place.

21.    Defendant, Citibank, not only refused to honor the settlement, but also refused to work with Plaintiff's legal counsel.

22.    On or about March 19, 2012, Plaintiff's legal counsel reached out to Defendant, Capital Management in regards to the settlement.

23.    Defendant, Capital Management, refused to honor the settlement and stated that they were in no way liable to uphold the agreement that they made with the Plaintiff despite accepting the payments that were made as agreed.

24.    On or about April 19, 2012, Plaintiff's legal counsel called Defendant, Citibank, again to find out why they would recall Plaintiff's account when he was paying as promised.

25.    Defendant, Citibank, again refused to honor the settlement and urged the Plaintiff to make new payment arrangements.

26.    Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

27.    Defendant, Capital Management, knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, Capital Management, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28.     At all times pertinent hereto, Defendants and all of them were acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

29.     At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30.     As a result of all Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

*Plaintiff v. Capital Management*

31.     The above paragraphs are hereby incorporated herein by reference.

32.     At all times relevant hereto, Defendant, Capital Management, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§ 1692e:      Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2):   Any false or misleading representations regarding the character, amount or legal status of the alleged debt

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Capital Management, for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.


## COUNT II  - BREACH OF CONTRACT

*Plaintiff v. Capital Management and Citibank*

34.   The above paragraphs are hereby incorporated herein by reference.

35.   The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, Capital Management and Citibank promised to Plaintiff the opportunity to participate in an agreed upon settlement.  Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

36.   Defendants are in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Capital Management and Citibank, for the following:

a.   Actual damages;

b.       Statutory damages pursuant to 15 U.S.C. § 1692k;

c.       Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.       Such additional and further relief as may be appropriate or that the

interests of justice require.

## V.  <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date:  December 18, 2012          **VULLINGS LAW GROUP, LLC**

**BY:** *_/s/  Brent F. Vullings_*
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com